UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 1:12-CV-1965 |
| | : | |
| | : | |
| DELORES BELL and JACQUELINE | : | |
| BELL, | : | |
| Defendants | : | |
| | : | |

*M E M O R A N D U M*

I.      *Introduction*

        Presently before the court is Defendants' *pro se* motion (Doc. 9) seeking

the dismissal of this foreclosure action. For the reasons that follow, we will deny the

motion.

II.     *Background*

        Ocwen Loan Servicing, LLC ("Ocwen") initiated this action by complaint

filed October 1, 2012 (Doc. 1) to foreclose on a mortgage for real property owned by

Defendants Delores and Jacqueline Bell in Monroe County, Pennsylvania. Following an

assignment of the mortgage at issue, the court granted Ocwen's request to substitute

Nationstar Mortgage, LLC ("Nationstar") as plaintiff. (Doc. 8).

        After the complaint was served, Defendants filed the instant motion to

dismiss (Doc. 9) on May 5, 2014. Defendants assert, in conclusory fashion, that: (1)

"there is no diversity of citizenship"; (2) "defendants are not subject to the personal

jurisdiction of this court" due to lack of proper service; and (3) "venue is improper." (*Id.* at 1). The matter has been fully briefed (Docs. 12-15), and it is now ripe for disposition.

III.		Discussion

		In their motion to dismiss, Defendants contend that the court lacks subject matter jurisdiction over this action and personal jurisdiction over them. Defendants also assert that venue is improper. Defendants are incorrect on all three points, and the court will deny their motion.

		A.		Diversity Jurisdiction

		Defendants contend that there is no diversity of citizenship in this case because they both reside in the same state, Pennsylvania. This argument misses the mark.

		"Jurisdiction under 28 U.S.C. § 1332(a)(1) . . . requires complete diversity of the parties; that is, *no plaintiff can be a citizen of the same state as any of the defendants*." *Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt.*, 316 F.3d 408, 410 (3d Cir. 2003) (emphasis added, quotation marks and citation omitted). Citizenship of the parties is determined at the time of the filing of the complaint. *Id.* (citations omitted). A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principle place of business. *Id.* (citing § 1332(c)).

Complete diversity of citizenship existed when the complaint in this case was filed. Ocwen, who initiated this lawsuit, is a citizen of both Delaware and Florida, having been incorporated in the former and having its principle place of business in the latter. Defendants purport to be citizens of Pennsylvania.[1] Thus, complete diversity existed because no plaintiff was a citizen of the same state as any defendant at the time the complaint was filed.[2]

The fact that Defendants claim citizenship in the same state is of no moment, and we reject their challenge to the complaint on these grounds.

### B.    Personal Jurisdiction - Service

Defendants next argue that this court lacks personal jurisdiction over them because service was improper. Specifically, Defendants claim service was improper because neither Ocwen nor Nationstar has produced a document signed by Defendants acknowledging their receipt of a "Notice of Intention to Foreclose." (Doc. 9 at 1). Simply put, obtaining Defendants' signatures on such a notice is not a prerequisite for perfecting service of a complaint in federal court.

---

[1] Defendants contend that the complaint incorrectly alleges that Delores Bell is a citizen of New York, when her primary residence is Pennsylvania. Regardless of whether she is a citizen of either of those two states, there is still complete diversity because neither Delores nor Jacqueline Bell is a citizen of Delaware or Florida.

[2] Even if we were to consider the citizenship of Nationstar, who is currently pursuing this suit following an assignment of the mortgage at issue, our conclusion would not change. Nationstar is a citizen of Delaware due to its incorporation and Texas in light of its principle place of business.

Moreover, Defendants have acknowledged that they were personally served in Monroe County (Doc. 14 at 2), which satisfies the requirements of Federal Rule of Civil Procedure 4(e). Accordingly, the court will not dismiss this action for improper service.[3]

C.      Venue

Lastly, Defendants contend that "venue is improper; the venue is in state court where the property is located and the parties reside." (Doc. 9 at 1). While Defendants would clearly prefer to litigate this matter in state court, that does not make the United States District Court for the Middle District of Pennsylvania an improper venue.

Under 28 U.S.C. § 1391(b)(1) and (2), a civil action may be brought in the federal judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; or (2) a substantial part of property that is subject to the action is situated. In this case, venue is proper in the Middle District of Pennsylvania under the first approach because Defendants claim residence in Monroe

---

[3] Although it is not clear from their filings, Defendants are presumably arguing that Ocwen did not comply with foreclosure notice provisions imposed by Pennsylvania law, which require "that prior to accelerating a mortgage or commencing with a foreclosure, a lender must provide the homeowner with a notice of its intention to foreclose." *United States v. Buskell*, No. 13-6630, 2014 U.S. Dist. LEXIS 61671, *9-10 (E.D. Pa. May 2, 2014) (citing 41 P.S. § 403). The parties will have the opportunity to develop the factual record regarding what notice, if any, Defendants actually received before this suit was initiated, and the legal ramifications of that notice. At this stage, however, Defendants' bare assertions regarding the sufficiency of the notice received do not warrant dismissal of this action.

County–which falls within this district. The second approach is also satisfied because the mortgaged property that is subject to this foreclosure action is located in Monroe County.

Thus, we will not dismiss this case for improper venue.

V.  *Conclusion*

For the foregoing reasons, Defendants' arguments regarding subject matter jurisdiction, personal jurisdiction, and venue are unavailing. Accordingly, we will issue an order denying Defendants' motion to dismiss (Doc. 9).


/s/William W. Caldwell
William W. Caldwell
United States District Judge

5